## Dalsey, Appellant, *v.* Czeiner et ux.

Argued October 29, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

The facts are stated in the opinion by FLOOD, J. of the court below, as follows:

Plaintiff recovered a verdict against defendants upon a claim based on a serious injury sustained by him when he was struck by their son. They operated a taproom in which plaintiff had been drinking earlier in the evening. After the place had closed for business, plaintiff and a friend, whether in jest or earnest does not matter, took a partly filled bottle of gin from the taproom and put it on a neighboring porch. They then went around the block. Defendants' son, who was the bartender in charge of the taproom recovered the gin from the porch. When plaintiff and his friend approached the taproom again, defendants were standing at their side door and their son was handing the bottle to them. An argument took place and the son struck plaintiff without warning in the eye. Plaintiff lost his eye as a result.

The action of defendants' son, Tony, was entirely outside the scope of any authority conferred upon him by his parents. He was outside the premises. The premises had closed for business. The stolen property had been recovered and the blow cannot be said to have been inflicted in the effort to recover the property. There is no evidence that either of the defendants suggested that their son hit the plaintiff or in any way urged him or aided or abetted him in striking the blow. Under the circumstances, there is no basis upon which they can be held liable for his action. Therefore the verdict in favor of the plaintiff cannot stand. *Tshudy v. Hubbs Stores Corporation,* 310 Pa. 285 (1933) ; *Guille v. Campbell,* 200 Pa. 119 (1901).

Judgment must be entered for the defendants n.o.v.

*Barry H. Hepburn,* for appellant.

*Alexander Love, Jr.,* with him *Albert H. Ladner, Jr.,* for appellee.

PER CURIAM, January 27, 1944:

The judgment of the court below is affirmed on the opinion of Judge FLOOD. To the authorities cited by him may be added *Cherillo v. Steinberg,* 118 Pa. Superior Ct. 485, 180 A. 115, and the cases therein reviewed.

Judgment affirmed.